**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MARINER ENERGY, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0658 |
| | § | |
| DEVON ENERGY PRODUCTION CO., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This case involves a dispute over the parties' obligation to pay for abandoning an offshore oil and gas block, EI 333A. Mariner Energy acquired the Gulf of Mexico interests of Forest Oil Corporation, which had previously sold its interest in EI 333A to Devon Energy under an agreement that Forest Oil would remain liable for 13.333% of "Abandonment Expenses." On February 11, 2010, this court held that the agreement between Forest Oil and Devon Energy obligated Mariner Energy to pay for the abandonment costs within the scope of work described in a report prepared in 2001, before the agreement was reached in early 2002. (Docket Entry No. 57).[1] As a result, Mariner Energy was not required to pay for the approximately 4000% increase in abandonment costs resulting from damage inflicted by Hurricane Rita in 2005, but had to pay the cost of abandoning EI 333A had it not been struck by the hurricane.

That ruling did not fully resolve the case. The remaining issues are the cost of performing the scope of work defined in the report, when Devon Energy actually carried out the abandonment

---

[1] The facts of this case are described in detail in the Memorandum and Order issued on February 11, 2010. (Docket Entry No. 57).

operation in 2006. Because Mariner Energy paid Devon Energy for some of the abandonment work in 2007, there is an unjust enrichment claim that must also be resolved.

Devon Energy has moved to certify this court's ruling on the contract interpretation issue for interlocutory appeal under 28 U.S.C. § 2892(b). Devon Energy argues that the contract interpretation question is a discrete legal issue over which there is ground for disagreement and that interlocutory appeal may avoid the need to determine the remaining issues. (Docket Entry No. 57). Devon Energy has also asked for a stay pending resolution of the appeal. (*Id.*). Mariner Energy has responded, arguing that Devon Energy's disagreement with this court's opinion is not sufficient to justify interlocutory appeal and that determining the damages issues will not be unduly costly or time-consuming. (Docket Entry No. 59).

For the reasons stated below, the motion to certify for interlocutory appeal is denied. A status conference is set for **August 20, 2010 at 4:30 p.m.** in Courtroom 11-B.

I.    **The Legal Standard**

Under 28 U.S.C. § 1292(b), a district court may certify an order for an interlocutory appeal when "there is substantial ground for difference of opinion and [ ] an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 204-05, 116 S. Ct. 619 (1996). "Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation." *Clark-Dietz & Assocs. v. Basic Constr. Co.*, 702 F .2d 67, 69 (5th Cir. 1983). "[F]act-review questions" are "inappropriate for § 1292(b) review." *Id.* "[T]here must be substantial ground for difference of opinion over the controlling

question of law for certification under § 1292(b)." *Ryan v. Flowserve Corp.*, 44 F.Supp.2d 718, 723 (N.D. Tex. 2006). "But simply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." *Id.* (citing 4 AM.JUR.2D APPELLATE REVIEW § 128 (2005)). A "key concern consistently underlying § 1292(b) decisions is whether permitting an interlocutory appeal will 'speed up the litigation.'" *Id.* (citing *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)); *see also Solis v. Universal Project Management*, No. 08-1517, 2009 WL 2018260, at *3 (S.D. Tex. July 6, 2009). Unless all the statutory criteria are satisfied, "a district court may not and should not certify its order . . . for an immediate appeal under [§ ] 1292(b)." *Ahrenholz*, 219 F.3d at 676.

## II.   Analysis

The § 1292(b) criteria for certification are not met on this record. There is no "controlling question of law" as the cases interpret that term. "A controlling question of law arises 'only if it may contribute to the determination, at an early stage, of a wide spectrum of cases.'" *In re Avado Brands, Inc.*, No. 3:07-cv-0769-G, 2007 WL 2241660, at *2 (N.D. Tex. 2007) (quoting *Federal Deposit Insurance Corp. v. First National Bank of Waukesha, Wisconsin*, 604 F.Supp. 616, 620 (E.D. Wis. 1985)). The parties' motions for partial summary judgment required this court to determine the admissibility of evidence and to interpret specific terms in the Letter Agreement between Devon Energy and Forest Oil. This case did not involve common or boilerplate contract language. The contract interpretation affects the outcome of only this case. There is no evidence in the record that any other parties will be affected by how the words "as outlined in the Twachtman Snyder & Byrd, Inc. Decommissioning Liability Report" are interpreted. Because the issues, although difficult, were

resolved by the ordinary exercise of applying Louisiana contract law to the specific facts of this case, there is no "controlling issue of law" warranting interlocutory review. *See Solis*, No. 08-1517, 2009 WL 2018260, at *4 ("This court's holding that the Secretary's breach was immaterial involved applying the law to the facts in the record, which is not appropriately resolved on interlocutory appeal."); *Stoffels v. SBC Communications*, 572 F.Supp.2d 809, 811 (W.D. Tex. 2008) ("[P]ermissive interlocutory appeals are not proper for determinations that involve application of law to fact.").

Relatedly, because the Louisiana contract law at issue was not unsettled or disputed by various courts, there is no "substantial ground for difference of opinion" about an issue of law. *See Avado Brands*, No. 3:07-cv-0769-G, 2007 WL 2241660, at *3 ("The second element, addressing a substantial ground for difference of opinion, refers to an unsettled state of law or judicial opinion, not mere discontent by the appealing party."). Again, it is not enough that a party disagrees with a court's application of the law to the facts. *See id.* ("The claim that a case has been wrongly decided is not enough to justify an interlocutory appeal."). Devon Energy's arguments on this point are that "an appellate court could determine, contrary to this Court's ruling, that Mariner is required to pay its share of the actual costs" and that this court improperly determined that "Abandonment Expenses" and "abandonment operations" were technical terms warranting explanation by expert testimony. (Docket Entry No. 57 at 6). These are disagreements over how this court applied the law to the facts, not about the legal standards on which this court relied.

Even if there was substantial ground for a difference of opinion on a controlling question of law, certification under § 1292(b) would be inappropriate. The record does not show that certification would "materially advance the ultimate termination of the litigation." Devon Energy

argues that it will be "fact and expert intensive," costly, and time-consuming to determine damages because Mariner Energy must determine the 2006 cost of repair work, the 2001 Twachtman Report was based on June 2001 prices, prices would have been incredibly high after Hurricane Rita, and it is now 2010. Devon Energy also argues that some of the equipment assumed to be available in the Twachtman Report may not have been available after Hurricane Rita. Devon Energy urges that certifying is the efficient choice because of the time and expense concerns and because there is a risk of retrial if the case is appealed after final judgment. Mariner Energy, by contrast, argues that determining damages will not be particularly burdensome. Mariner Energy states that in as little as a few days and in 90 days at most, "damages can be easily determined by: A) updating the Twachtman Report; B) determining the amount of money that Mariner previously overpaid Devon for EI 333A; and C) deducting the amount Mariner owes for the work outlined in the Twachtman Report from the amount of overpayment by Mariner to Devon." (Docket Entry No. 59 at 9). Mariner Energy contacted Twachtman, which informed Mariner that it could update the report to reflect the relevant period in one day at a cost of $1,000. The remaining two tasks appear to be straightforward computational tasks, which, as Mariner Energy states, can be resolved by agreement or after a short discovery period.

The record shows that on balance, it will be more efficient to proceed to the damages phase of this case before appeal. The record does not support a conclusion that certification would "speed up" the case. Because there are damages issues remaining and those issues will not require an undue amount of time or resources, there is no reason to incur the risk of "piecemeal appeal" that could "delay, not advance, the litigation." *Solis*, No. 08-1517, 2009 WL 2018260, at *6; *see also Clark Constr. Group, Inc. v. Allglass Systems, Inc.*, No. DKC 2002-1590, 2005 WL 736606, at *4 (D. Md.

March 30, 2005) ("Certifying the action for review before damages have been determined would likely result in one appeal on the liability issue and a separate appeal on the damages issue. Creating a situation necessitating two separate appeals is a waste of judicial resources and should be avoided if possible.").

## III.   Conclusion

Devon Energy's motion to certify for interlocutory appeal is denied.  The motion for a stay is moot.  A status conference is set for **August 20, 2010 at 4:30 p.m.** in Courtroom 11-B.

SIGNED on July 15, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge